IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL ALFRED TYLER #A43559     :

          Petitioner     :

     v.     : CIVIL ACTION NO. L-11-2986

STATE OF MARYLAND     :

          Respondent     :

**<u>MEMORANDUM</u>**

Michael Alfred Tyler petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 to challenge his August 18, 2011 burglary convictions in the Circuit Court for Prince George's County.  Petitioner requests leave to file in forma pauperis and requests appointment of counsel.  ECF No. 2.  Upon review of the Petition, the Court will GRANT indigency status, DENY appointment of counsel, and DISMISS the Petition without prejudice to later refilling.

**I.    Procedural History**

On August 18, 2011, a jury convicted Petitioner of one count of burglary in the third degree and one count of burglary in the fourth degree.  On October 7, 2011, he was sentenced to ten years incarceration to run consecutive to all previously imposed sentences, with 194 days credit. It does not appear that a direct appeal or post-judgment motion is pending.

The instant Petition was received by the Clerk on October 19, 2011.  Although unclear from the papers received, it appears Petitioner takes issue with many aspects of his trial.

**II.    Discussion**

**A. Exhaustion**

A federal court cannot grant a habeas petition unless Petitioner has exhausted the remedies available in the courts of the state in which he was convicted.  <u>See</u> 28 U.S.C.

§ 2254(b) and (c); see also Preiser v. Rodrieguez, 411 U.S. 475, 491 (1973). Exhaustion is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). If state court remedies have yet to be exhausted, the federal court must dismiss the § 2254 petition without prejudice to allow the petitioner to return to state court. See Slayton v. Smith, 404 U.S. 53 (1971).

For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim on direct appeal, it must be raised in an appeal, if one is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of certiorari. See Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301.

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. See Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. See Md. Cts. & Jud. Proc. Code Ann., §12-202. If the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals. See Williams v. State, 292 Md. 201, 210-11 (1981).

It is impossible to tell with certainty what defects Petitioner wishes to present to this Court. As he has neither sought direct appeal nor post-conviction relief, his action here is premature. After exhausting his state court remedies, Petitioner may refile his claims in a new § 2254 petition, using forms available from the Clerk. Petitioner is cautioned that there is a one-year filing deadline for state prisoners filing applications for a writ of habeas corpus in federal

court.  See 28 U.S.C. § 2244(d).[1]  A properly filed appeal or post-conviction petition will serve to toll or "stop" the running of the one-year limitations period for § 2254 petitions.  Should he intend to refile this petition after his available state court remedies are exhausted, Petitioner should take care not to miss this deadline.[2]  Given that this action is premature, Petitioner's request for appointment of counsel shall be denied.

### III.    Certificate of Appealability

Lastly, when a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless a petitioner demonstrates both "1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and 2) 'that jurists of reason would find it debatable whether the district

---

[1] This section provides:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[2] Petitioner is reminded that only a properly filed appeal or application for state post-conviction review will toll the running of the one-year federal limitations period.

court was correct in its procedural ruling.'"  <u>Rose v. Lee</u>, 252 F.3d 676, 684 (4th Cir. 2001).

Petitioner fails to satisfy this standard or show substantial denial of a constitutional right as

required by 28 U.S.C. § 2253(c)(2).  Accordingly, a Certificate of Appealability shall be denied.

A separate Order follows.

October 28, 2011                                      /s/
                                   _____
                                   Benson Everett Legg
                                   United States District Judge